**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4311**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

FRANCISCO GASPAR SANCHEZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:15-cr-00011-GMG-RWT-2)

Submitted:  February 17, 2017          Decided:  March 9, 2017

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Sherman L. Lambert, Sr., THE LAW OFFICES OF SHERMAN L. LAMBERT, SR., PLLC, Shepherdstown, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Gaspar Sanchez appeals from his 121-month prison sentence entered pursuant to a jury verdict finding him guilty of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. On appeal, Sanchez contends that his attorney was ineffective for failing to timely file objections to the presentence report ("PSR"). We dismiss the appeal.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless an attorney's ineffectiveness conclusively appears on the face of the record. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

To succeed on a claim of ineffective assistance of counsel, Sanchez must show that (1) counsel's performance was constitutionally deficient, and (2) such deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Sanchez must demonstrate "that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Id. at 688. To satisfy the prejudice

2

prong, Sanchez must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, trial counsel admitted to overlooking the PSR due to personal commitments. The record conclusively shows that counsel's inaction was not based on any strategic decision and that counsel intended, but failed, to file objections. Moreover, for purposes of the appeal, the Government does not challenge the conclusion that counsel's performance fell below an objective standard of reasonableness.

Turning to the prejudice prong, Sanchez does not examine each of the proposed objections or analyze their validity;[*] Sanchez simply concludes that "there exists sufficient evidence on the record to conclude that there is a reasonable probability that Sanchez would have received a lighter sentence had written objections been properly filed." Federal Rule of Appellate Procedure 28(a)(8)(A) requires that a brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ." Failure to comply with this rule

---

[*] Counsel appears to believe that the objections are not part of the record on appeal, thereby preventing appellate review. However, the objections are included in the record as an addendum to the PSR.

3

triggers abandonment of the claim on appeal. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999). Because Sanchez has failed to flesh out his claims of prejudice and provides no legal or factual support for the conclusion that there is a reasonable probability that the objections in this case, if considered, would have altered Sanchez's sentence, we conclude that Sanchez has waived consideration of the issue of prejudice in this appeal.

As such, we dismiss the appeal without prejudice to Sanchez raising the claim in a § 2255 motion, where the record can be properly developed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>